DENNIS AND SHAW v. VAN VOY.

1. In an action brought against two defendants as joint owners of a horse for services in keeping him, the defendants, to show they were not jointly liable, offered to prove that the shoeing of the horse was charged to one of the defendants. *Held*, that the evidence offered did not show there was no joint liability, and was therefore inadmissible.

2. In an action brought for services, it is not competent for the defendants to prove, by cross-examination of the plaintiffs' witnesses, that the plaintiff had an interest in the business or in the profits of it. That is a part of the defendant's case and should be shown by way of defence.

3. If a question is improperly overruled on cross-examination, and the party is afterwards permitted to put the same question on his own direct examination, the error is cured.

4. Matters of defence should not be proved by cross-examination.

5. Where it is shown that a party, whose name appears to a printed handbill, admitted that he got the handbill printed, it is sufficient proof of the handbill to allow its admission in evidence.

*Certiorari* to Warren Pleas. In matter of appeal from justice's court.

For defendant, *J. G. Shipman.*

The opinion of the court was delivered by

VREDENBURGH, J. The first reason urged by counsel on the motion to reverse was, that the court overruled the question put to the witness of the plaintiff below on cross-examination, whether the shoeing of the horse was charged on the witness' book to Dennis alone.

Van Voy, the plaintiff below, had been the keeper of a brood horse for the year 1853, and the present suit had been brought by Van Voy against Dennis and Shaw to recover from them, as owners, for Van Voy's attending upon the horse.

The defence was that there was, on the part of the defendants, no joint liability. The question here put to the witness, whether he had charged the shoeing of the horse to one only of the defendants, could, as between the parties, throw no light upon such joint liability. There was no error therefore in overruling that question.

The next error assigned is, that upon a question put to one Cort, a witness for Van Voy, whether he knew if Van Voy had any interest in the horse or his profits that season, the court refused to permit the question to be put, on the ground that it was not competent at that stage of the cause. I see no error in this. It was a part of the defendants' case

and not of the plaintiffs, and to have suffered the defendant to prove it in that stage of the cause, would have obliged the plaintiff to rebut the defendants' case before he had finished his own.

The next objection below was, that the court overruled a question put by the defendants, in cross-examination, to the witness, Mackerly, whether Dennis did not send him to Van Voy to employ him in this matter. But the question was afterwards put by the defendants to this very witness, on their own direct examination, and so the error cured, if any had been made.

The next error assigned is, that the court overruled the following question asked by the defendants upon cross-examination of the same witness, Mackerly : " How did the power of attorney come to be prepared, and under what circumstances was it given?" The witness had before said, upon the direct examination, that he saw the power of attorney signed by Shaw, that it was drawn at Dennis' store, and Shaw was not present, and that it was prepared by the witness at the suggestion of Dennis. [This power of attorney was executed by Shaw, and authorized one Daniel Camp to collect for Shaw all debts due and owing him, Shaw, for the use of said horse for the year 1853.]

However erroneous this might have been, we think it was cured by what took place afterwards. After the plaintiff had rested, the defendant recalled this witness, Mackerly, when the plaintiff withdrew all objection to evidence of what took place at the execution of the power. The defendants were, consequently, not injured by the ruling in the first instance, and, if they were injured for the want of his evidence, it was voluntary on their part. This same reason also disposes of the fifth objection, viz., that the court overruled the question on cross-examination of this same witness, whether, at the time the power was executed, Shaw did not deny that he had any interest in the horse or proceeds that season.

This also disposes of the sixth error assigned, viz., that the court overruled the defendants' offer to prove that the power

of attorney was given by Shaw, not because he had any interest in the horse or the proceeds, but merely to satisfy persons that they might safely pay Camp, named in the power of attorney.

The seventh error assigned is, that the court refused to permit the defendant, on cross-examination of the plaintiffs' witness, to ask the following question, viz.: "Did you have any conversation with Van Voy about the horse, after he began tending him, about the horse being advertised in Shaw's name—and if so, when was it and what was it?" which the court overruled, because not a cross-examination, and I think rightly. It is but reasonable that the defendant should not be in such a hurry to get his own case before the jury as not to wait until the plaintiff gets his in.

The next exception taken was, that the court permitted the plaintiff to put in evidence a printed handbill of the horse for that season, having Shaw's name printed to it, and the question is, whether there was any sufficient evidence that such bill was put up by the authority of Shaw. But Mackerly, one of the witnesses, testified that Shaw told him, a short time before the trial, that he had got the handbill printed at Easton. This evidence, although very suspicious, was legal evidence, and the court had a right to believe it, and, so far as we know, did believe it. We see no error in this evidence given of this handbill.

These, I believe, are all the errors assigned.

We see no error in any of them, and although we don't believe that Shaw was in any way jointly concerned in the employment of the plaintiff, yet the court below believed otherwise, and we have no power here to reverse their opinion upon the weight of the evidence.

Judgment affirmed.